USCA1 Opinion

 

 December 19, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1827 THE NATIONALIST MOVEMENT, Plaintiff, Appellant, v. CITY OF BOSTON, MASSACHUSETTS, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Richard Barrett on brief for appellant. _______________ Albert W. Wallis, Claudia Billings McKelway, Krisna Basu on brief _________________ _________________________ ___________ for appellee. ____________________ ____________________ Per Curiam. Pursuant to Local Rule 83.5.3 of the United States District Court for the District of Massachusetts, an application for admission to the court pro hac vice requires, ___ ___ ____ inter alia, that a member of the bar enter an appearance and move _____ ____ the applicant's admission. Richard Barrett, a leader of and attorney for the Nationalist Movement, failed to comply with this requirement and the Movement appeals the resulting summary dismissal of its lawsuit. Barrett asserted below and on appeal that his diligent efforts to secure local counsel proved unsuccessful, attributing this failure to the Nationalist Movement's controversial views. He argues that, under these circumstances, dismissing his lawsuit for failure to comply with Rule 83.5.3 violates several constitutional provisions. After careful consideration of the briefs, we are uncertain whether appellant was, in fact, unable to locate local counsel to move his admission pro hac vice. In order to protect the ___ ___ ____ integrity of these proceedings, and to avoid the needless adjudication of serious questions of law based upon what might be an inaccurate factual premise, we vacate the district court's judgment of dismissal and remand for a hearing to determine whether appellant, after diligent effort, was unable to find any local counsel, and whether any local counsel can now be located. If local counsel is found the lawsuit could proceed, in which case we assume the court would address the question of the continued viability of appellant's claims in light of the fact that the parade took place, albeit in an allegedly restricted -2- form. If the district court determines that Barrett engaged in diligent but unavailing efforts to find local counsel and it again dismisses the suit, appellant, of course, would be free to appeal again. If the district court finds that Barrett misrepresented his efforts to locate local counsel, or that he declined any offer by local counsel to appear, it may consider whatever sanctions, including those described by Fed. R. Civ. P. 11, it deems appropriate. No costs. -3-